NOTE: This opinion is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**VINCENT E. WASHINGTON**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2012-3079

---

Appeal from the Merit Systems Protection Board in Case No. DC0752110411-I-1.

---

Decided : August 9, 2012

---

VINCENT E. WASHINGTON, of Hyattsville, Maryland, pro se.

DAVID S. BROOKS, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were JAMES M. EISENMANN, General Counsel and KEISHA DAWN BELL, Deputy General Counsel.

---

Before PROST, MOORE, and WALLACH, *Circuit Judges*.

PER CURIAM.

Vincent E. Washington ("Mr. Washington") petitions for review of a Merit Systems Protection Board ("Board") final decision dismissing his allegation that the Bureau of Engraving and Printing ("BEP") forced him to retire. The Board determined that Mr. Washington did not prove his retirement was involuntary and dismissed the case for lack of jurisdiction. *Washington v. Dep't of Treasury*, MSPB Docket No. DC-0752-11-0411-I-1 (Dec. 5, 2011). We affirm.

I.

Mr. Washington held a Bookbinder II position with BEP but suffered from Chronic Obstructive Pulmonary Disease ("COPD") and was placed on light or limited duty status in 2007, 2009, and 2010. On June 16, 2010, Mr. Washington provided BEP with medical documentation from his treating physician stating that he should remain on light and limited duty status indefinitely.

On August 4, 2010, Mr. Washington received a memorandum from BEP's Office of Security Printing, entitled "Unable to Perform the Duties of Your Position." The memorandum stated that BEP was not legally obligated to provide Mr. Washington with an indefinite light or limited duty position and was unable to continue to employ him as a Bookbinder with his restrictions. It also asked Mr. Washington to provide medical documentation certifying that he was able to return to full duty by August 13 of that year. The memorandum further stated that until Mr. Washington provided this documentation he would not be able to return to work and would be required to utilize his sick or annual leave, or take leave without pay ("LWOP"). On August 9, 2010, five days after

receiving the memorandum and before the expiry of the August 13 deadline, Mr. Washington retired.

On February 25, 2011, Mr. Washington filed an appeal with the Board, claiming his retirement was involuntary. On March 1, 2011, the administrative judge issued an Acknowledgement Order notifying Mr. Washington that the Board might not have jurisdiction over his decision to retire. The Order informed Mr. Washington that retirement actions are presumed to be voluntary and that for the Board to have jurisdiction over his appeal, he must show that he was prevented from making a voluntary decision or that a reasonable person in his position would have been misled by the agency's actions. The Order directed Mr. Washington to file evidence and argument to show his appeal was within the Board's jurisdiction. Mr. Washington did not respond to that Order.

On April 12, 2011, the administrative judge issued an initial decision, finding that Mr. Washington failed to overcome the presumption that his retirement was voluntary. The administrative judge reasoned that Mr. Washington was given the opportunity to work without restriction but elected to retire rather than submitting the requested documentation or seeking an extension on the August 13 deadline. In response to Mr. Washington's argument that he had no alternative but to retire because he had no leave remaining, the administrative judge found that the August 4 memorandum expressly referenced LWOP as an alternative. The administrative judge found that Mr. Washington's retirement was simply the course he perceived to be in his best interest and was therefore voluntary. The administrative judge also examined and rejected Mr. Washington's claim for constructive suspension. As a result, the administrative judge dismissed Mr. Washington's appeal for lack of jurisdiction.

Mr. Washington then petitioned the full Board for review, seeking a jurisdictional hearing. The full Board found that Mr. Washington had not made a non-frivolous allegation of involuntariness and denied the petition on December 5, 2011. Mr. Washington filed a timely appeal to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II.

The scope of our review is limited to whether the Board's decision was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Whether the Board has jurisdiction over an appeal is a question of law that this court reviews *de novo*. *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995).

This case concerns the Board's jurisdiction to hear a former Government employee's appeal regarding his retirement from service. The Board has jurisdiction to hear appeals from adverse employment actions, *see* 5 U.S.C. § 7513(d), but not an employee's voluntary resignation or retirement, *Staats v. U.S. Postal Serv.*, 99 F.3d 1120, 1123 (Fed. Cir. 1996). An employee's resignation or retirement is presumed to be voluntary and the Board only has jurisdiction over an appeal filed by an employee who has resigned or retired if the employee proves, by a preponderance of the evidence, that his or her resignation or retirement was involuntary and thus tantamount to forced removal. *Id.* at 1123-24; *see Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1328 (Fed. Cir. 2006) (en banc). An employee may establish involuntary retirement when: "(1) the agency effectively imposed the terms of the employee's resignation or retirement; (2) the employee

had no realistic alternative but to resign or retire; and (3) the employee's resignation or retirement was the result of improper acts by the agency." *Garcia*, 437 F.3d at 1329 (quoting *Shoaf v. Dep't of Agric.*, 260 F.3d 1336, 1341 (Fed. Cir. 2001)).   When an employee makes a non-frivolous claim that would grant the Board jurisdiction over an appeal, the employee has a right to a hearing. *Id.* at 1344.[1]

Mr. Washington contends that his presumptively voluntary retirement was in fact involuntary, that the August 13 deadline did not leave him sufficient time to obtain the relevant medical documentation, and that he was not informed that an extension on that deadline might be possible.  Mr. Washington further avers that he felt retirement was his only option because he had no sick or annual leave remaining and that if he did not retire immediately, he and his wife would not have medical insurance coverage.  Mr. Washington asserts that he has made non-frivolous allegations that could establish jurisdiction and is therefore entitled to a hearing.

Because Mr. Washington failed to meet the three-part test for establishing involuntariness, we hold that he failed to establish that the Board had jurisdiction over his appeal.  First, Mr. Washington has not demonstrated that BEP "effectively imposed the terms of [his] . . . retire-

---

[1]    To summarize, under 5 U.S.C. §§ 7701 and 7512, once a claimant makes non-frivolous claims of Board jurisdiction, namely claims that, if proven, establish the Board's jurisdiction, then the claimant has a right to a hearing.  At the hearing, the claimant must prove jurisdiction by a preponderance of the evidence.  If the Board determines that the claimant fails to prove jurisdiction by a preponderance of the evidence, then the Board does not have jurisdiction and the case is dismissed for lack of jurisdiction." *Garcia*, 437 F.3d at 1344.

ment." *Garcia*, 437 F.3d at 1329. In the August 4 memorandum, which appears to be the impetus for Mr. Washington's retirement, BEP did not impose any retirement terms. Rather, all the memorandum states is that Mr. Washington had to provide medical documentation showing that he could return to full service or, absent such documentation, he would be required to utilize sick or annual leave or be placed on LWOP status. Retirement was never mentioned. In fact, the only term imposed on Mr. Washington at all was to obtain medical documentation by August 13. Although some allegations of time pressure, in conjunction with other circumstances, may establish involuntariness, *see Middleton v. Dep't of Def.*, 185 F.3d 1374, 1381 (Fed. Cir. 1999), Mr. Washington never alleged that he attempted to obtain the requested medical documentation or that he requested an extension of the August 13 deadline. Had the BEP's August 13 deadline truly been overly burdensome, it would have been reasonable for someone in Mr. Washington's position to request a time extension in some fashion.

Second, Mr. Washington failed to establish that "[he] had no realistic alternative but to . . . retire." *Garcia*, 437 F.3d at 1329. As this court has stated, the "reviewing tribunal should ultimately consider whether working conditions were made so intolerable by the agency that a reasonable person in the employee's position would have felt compelled to resign." *Shoaf*, 260 F.3d at 1341. BEP's memorandum gave Mr. Washington several alternatives to retirement, such as providing the requested medical documentation, taking annual or sick leave, or going on LWOP status. Furthermore, although Mr. Washington avers that retirement was his only realistic option because he had no remaining sick or annual leave, the August 4 memorandum expressly offered LWOP as an alternative to retirement. To the extent Mr. Washington

argues that he could not take LWOP because he needed medical insurance, our case law holds that creating an unpleasant situation is not the same as compelled retirement. *See Terban v. Dep't of Energy,* 216 F.3d 1021, 1026 (Fed. Cir. 2000) (stating that, in a case where an employee alleged an agency threatened him with LWOP status, "where an employee is faced with the unpleasant alternative of resigning or being subjected to an adverse action, the resulting resignation cannot be considered an involuntary retirement unless the employee shows that the agency lacked reasonable grounds for threatening to take the adverse action"); *see also Staats,* 99 F.3d at 1124 ("[T]he doctrine of coercive involuntariness is a narrow one.  It does not apply to a case in which an employee decides to resign or retire because he does not want to accept a new assignment, a transfer, or other measures that the agency is authorized to adopt, even if those measures make continuation in the job so unpleasant for the employee that he feels that he has no realistic option but to leave.").

Third, Mr. Washington has failed to establish that "[his] . . . retirement was the result of improper acts by the agency." *Garcia* 437 F.3d at 1329.  BEP did not have a permanent light or limited duty position to offer Mr. Washington.  Given Mr. Washington's extended time on light or limited duty, and the medical evaluation suggesting Mr. Washington be placed on light or limited duty indefinitely, there was nothing coercive, unreasonable, or improper about BEP requesting that Mr. Washington either resume his normal duties or not return to his position until he could.  Thus, Mr. Washington failed to establish by a preponderance of the evidence that his retirement was involuntary.  As a result, the Board correctly concluded that it did not have jurisdiction over Mr. Washington's appeal.

Finally, Mr. Washington was not entitled to a hearing before the Board. Mr. Washington failed to raise a non-frivolous allegation that, if proven, could establish the Board's jurisdiction over his appeal.

## III.

For the reasons discussed above, we affirm the Board's decision.

## **AFFIRM**

No Costs.